Local Form 5            March 2013

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## WILKESBORO DIVISION

FILED
U.S. Bankruptcy Court
Western District of NC

APR 15 2013

Steven T. Salata, Clerk
Charlotte Dicision
RFV

In re: Richard A. Chroust )
) Case No.: 07-50858
)
) Chapter: 13
)
)
)
Debtor(s) )
)

## MOTION FOR DISBURSEMENT OF UNCLAIMED FUNDS

__Kathleen Burgess Bestor__ hereby moves the Court for an order
(Claimant(s) Name)

directing the United States Bankruptcy Court to disburse the sum of $ __3709.78__
(Enter amount of claim)

from the Court's registry fund, payable to __Kathleen Burgess Bestor__, representing
(Claimant(s) Name)

unclaimed funds previously deposited with the Court.

Date ___April 10, 2013_____

Supporting documentation attached __X_ yes ____no

*I understand that pursuant to 18 U.S.C. §§ 152 & 3571, I may be fined up to $500,000, imprisoned for up to 5 years, or both if I have knowingly and fraudulently made any false statements in this document or provided false and fraudulent documentation as part of this application.*

*/s/ Kathleen Burgess Bestor*
Signature of Claimant

Kathleen Burgess Bestor
Typed or printed name of Claimant

23 Woodland Lake Drive, Lacey's Spring, AL 35754
Address of Claimant

256-270-6868
Daytime Telephone Number of Claimant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

In re: Richard A. Chroust ) Case No.: 07-50858
)
)
) Chapter: 13
)
Debtor(s). )
)

## NOTICE OF HEARING AND CERTIFICATE OF SERVICE

NOTICE IS HEREBY GIVEN that the Court will conduct a hearing on __May 10, 2013__

at __9:30__ a.m. in Courtroom number _____ located at _Johnson J. Hayes Federal Building in Wilkesboro__.

to consider the Motion for Disbursement of Unclaimed Funds filed by _Kathleen Burgess Bestor_____.
(Claimant(s) Name)

NOTICE IS FURTHER GIVEN to the Court that on _April 10, 2013_____, the United States
(Enter date parties served)
Attorney, the case trustee, and the Bankruptcy Administrator were served a copy of the Motion for

Disbursement of Unclaimed Funds and this Notice of Hearing by U.S. Mail.

*Kathleen Burgess Bestor*
Signature of Claimant(s)

Kathleen Burgess Bestor
Typed or printed name of Claimant(s)


Date __April 10, 2013__

## AFFIDAVIT IN SUPPORT OF DISBURSEMENT OF UNCLAIMED FUNDS FOR:

**KATHLEEN BURGESS BESTOR f/k/a KATHLEEN DIANNE FULKS,**
**Last four digits of social security number 7002**

Request funds in the amount of $3709.78 that were previously attempted to be disbursed to me on November 13, 2012, but were returned to the U.S. Treasury due to the fact that I was transferred to Alabama on June 19, 2009 pursuant to government orders; therefore, resulting in an address change. I was also married on April 23, 2011; therefore, resulting in a name change.

According to the Report of Trustee of Claims Determination, Case Number 07-50858 dated August 1, 2008, I am the said listed as a payee under Priority Claims, Domestic Support Obligations ("DSOs") and request those funds be released to me as soon as possible under my new name and address.

I am a disabled U.S. Army veteran and also request a waiver of personal appearance at the hearing due to my permanent, chronic and ongoing medical conditions. I am unable to travel or sit for long periods of time; therefore, my family and I would endure undue physical and financial extreme hardship should we have to make round trips from Alabama to North Carolina for me to appear in person at the hearing on the Motion for Disbursement of Unclaimed Funds.

You will find all the evidences needed to support my request for disbursement of unclaimed funds due to no fault of my own attached to this affidavit as well as Local Form 5 and Vendor Administration and 1099 Issuance Form.

I respectfully request that you waive my personal appearance at the hearing and disburse the stated unclaimed funds.

Thank you for your time and consideration.

*Kathleen Burgess Bestor*
Kathleen Burgess Bestor
23 Woodland Lake Drive
Lacey's Spring, AL 35754
256-270-6868 (cell)
256-842-3396 (work)


STATE OF Alabama                                COUNTY OF Madison


On this 10th day of April, 2013, before me, the undersigned Notary Public in and for the said County and State, personally appeared, Kathleen Burgess Bestor known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that she did so freely and voluntarily and for the sues and purposed therein mentioned.

WITNESS my hand and official seal.
Notary Public _Shannon N Sawyers_
Residing at _230 Wynn Drive Huntsville AL 35893_
My Commission expires _8/31/2014_



# U.S. Bankruptcy Court
## Western District of North Carolina

## Unclaimed Funds Search

| Case # | Debtor | Amount | Receipt Date | Creditor |
|---|---|---|---|---|
| 07-50858 | "Chroust, Richard A" | "$3,709.78 " | 11/13/12 | Kathleen Fulks |

There are 1 occurances of your search criteria

United States Bankruptcy Court - Western District of North Carolina.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## WILKESBORO DIVISION

In Re: RICHARD A CHROUST
107 COLLINGSWOOD ROAD
MOORESVILLE, NC 28117

SSN (1): XXX-XX-7747

Case Number: 07-50858
Judge: J. Craig Whitley
Dated: August 01, 2008

## REPORT OF TRUSTEE OF CLAIMS DETERMINATION

The undersigned trustee in the above-referenced Chapter 13 case reports that he has examined the Proofs of Claim filed in the case and recommends that the claims be allowed as reported below. To the extent that any claim as reported differs from the claim as scheduled or filed, the trustee OBJECTS to that claim and classifies it as he believes proper under applicable law. The claims as reported herein contain those proofs of claim believed by the trustee to have been filed pursuant to Federal Rule of Bankruptcy Procedure 3004.

Dated: August 01, 2008

Steven G. Tate
Standing Chapter 13 Trustee
PO Box 1778
Statesville, NC 28687-1778

| Payee | Trustee Claim # | Clerk Claim # | Type | Level | Filed Claim Amt | Allowed Claim Amt | Acct # (Last |
|---|---|---|---|---|---|---|---|
| AAFES/MIL STAR/EXCHANGE C/O | 6 | 5 | U-Unsecured | 80 | $4,315.16 | $4,315.16 | 5944 |
| Bureau of Collection Rec | 7 | | U-Unsecured | 80 | $0.00 | NOT FILED | 0108 |
| HARLEY-DAVIDSON CREDIT | 8 | 6, 7 | U-Unsecured | 80 | $8,884.04 | $8,884.04 | 8196 |
| INTERNAL REVENUE SERVICE | 5 | 3 | P-Priority | 70 | $5,383.49 | $5,383.49 | 7747 |
| INTERNAL REVENUE SERVICE | 13 | 3 | U-Unsecured | 80 | $1,653.93 | $1,653.93 | 7747 |
| Jody Brown | 9 | | U-Unsecured | 80 | $0.00 | NOT FILED | |
| Kathleen D Fulks | 4 | 9, 12 | D-DSO Arrears | 98 | $1,145.12 | PAY OUTSIDE | 1443 |
| Kathleen Fulks | 10 | 1, 10 | U-Unsecured | 80 | $24,893.42 | $24,893.42 | 7747 |
| Kathleen Fulks | 14 | 2, 11 | U-Unsecured | 80 | $4,062.33 | $4,062.33 | 7747 |
| Kathleen Fulks | 15 | | R-DSO-Ongoing Payments | 98 | $0.00 | PAY OUTSIDE | |
| Northland GRP Inc | 11 | | U-Unsecured | 80 | $0.00 | NOT FILED | 5707 |
| ROBERT H GOURLEY JR | 1 | | B-Base Attorney Fee(s) | 20 | $1,555.00 | $1,255.00 | |
| ROBERT H GOURLEY JR | 2 | | B-Base Attorney Fee(s) | 50 | $1,695.00 | $1,695.00 | |
| SNAP-ON CREDIT LLC | 3 | 4 | S-Secured-Pro-Rata | 50 | $1,400.00 | $1,400.00 | 7220 |
| SNAP-ON CREDIT LLC | 10,003 | 4 | U-Unsecured | 80 | $442.95 | $442.95 | 7220 |
| Wells Fargo Bank NA | 12 | 8 | U-Unsecured | 80 | $566.64 | $566.64 | 5773 |

CASE NO: 07-50858                                      DEBTOR: RICHARD A CHROUST

## NOTICE OF REPORT OF TRUSTEE OF CLAIMS DETERMINATION

The Chapter 13 trustee has filed a report in the above-referenced Chapter 13 case to determine the proper classification and treatment of claims.

YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you want to object to the classification and/or treatment of your claim as reported by the trustee, then you or your attorney must file with the court a written response to the report and a request for hearing, within thirty (30) days of the date of this notice at the following address:

    CLERK, U.S. BANKRUPTCY COURT
    PO BOX 34189
    CHARLOTTE, NC 28234-4189

If you MAIL your response to the court for filing, you must mail it early enough for the court to RECEIVE it on or before the deadline stated above.

If you file a response, then a hearing on the trustee's report will be scheduled. The date, time and location of the hearing will be provided in a separate notice.

**Please refer to the trustee's claim number in any response you may file.**

NO HEARING WILL BE HELD UNLESS A RESPONSE IS FILED.

If you or your attorney do not take these steps, the court may decide that you do not oppose the classification and treatment of your claim as reported by the trustee.

Dated: August 01, 2008                      Steven G. Tate
                                            Standing Chapter 13 Trustee
                                            By: L. Sessoms

0750858
Kathleen Fulks
6916 Windsor Place
Anchorage, AK 99502



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

In re: ) Case No.
Richard A. Chroust )
SSN: XXX-XX-7747 ) Chapter 13
)
Debtor(s) )

**CHAPTER 13 PLAN INCLUDING NOTICE AND MOTION(S) FOR VALUATION;
MOTION(S) TO AVOID CERTAIN LIENS; MOTION(S) FOR ASSUMPTION
AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.
NOTICE OF OPPORTUNITY FOR HEARING ON CONFIRMATION OF THE PLAN INCLUDING ALL MATTERS AS SET FORTH IN THE PLAN
_FOR_ CASES FILED ON OR AFTER JULY 2, 2007**

The following is the Chapter 13 plan proposed by the above-named debtor(s). The plan may also include in its provisions certain motions to avoid liens, motions for valuation of collateral securing claims, and motions to assume or reject executory contracts and unexpired leases. (Check the motions applicable to this plan.)

( ) Motion to Value Liens Includes Valuation of Property Securing A Claim
( X ) Motion to Value Liens includes Valuation of Property Securing A Claim in an Amount Less than the Amount of the Claim
( ) Motion to Avoid Liens §522(f)
( ) Motion to Assume Executory Contract(s) and Unexpired Leases
( ) Motion to Reject Executory Contract(s) and Unexpired Leases
( ) No Motions Applicable to this Plan

TAKE NOTICE: Your rights may be affected. You should read the plan carefully, including any motions contained in the plan, and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the proposed plan of the debtor(s), including any of the motions included in the plan, or if you want the court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at the following address:

Clerk, U.S. Bankruptcy Court, P.O. Box 34189, Charlotte, N.C. 28234-4189

Your objection to confirmation and request for hearing must include the specific reasons for your objection, and must be filed with the Court no later than fifteen (15) days following the conclusion of the Section 341(a) meeting of creditors. If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above. You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors. If any objections to confirmation are filed with the Court, the objecting party will provide written notice of the date, time and location of the hearing on the objection. No hearing will be held unless an objection to confirmation is filed.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions. **Any creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).**

STANDING STAY MODIFICATION: The automatic stay provided in 11 U.S.C. § 362(a) is modified in Chapter 13 cases as follows: Affected secured creditors may contact the debtor about the status of insurance coverage on property used as collateral. If there are direct payments to creditors, affected secured creditors may contact the debtor in writing about any payment in default; and shall send to the debtor statements, payment coupons or other correspondence that the creditor sends to its non-debtor customers. Such actions do not constitute violations of 11 U.S.C. § 362(a).

**PLAN PAYMENTS; ADMINISTRATIVE COSTS; PROOFS OF CLAIM**

1. a. The base plan proposes payments of **$279.00 per month for 60 months**.

   (estimated percent payment to general unsecured creditors 10%) or

   b. The percentage plan proposes payments of $____ per month for ___% (percentage) payment to general unsecured creditors.

   c. If applicable, the plan will also be funded by:

2. **Administrative Costs**

   a. Attorney's Fees. The attorney for the debtor(s) has received $300.00 of the total base attorney fee of $3250.00. The remainder of the base fee shall be paid through the plan by the trustee on a pro rata basis with required monthly payments to allowed secured claimants.
   b. Trustee's Costs. The trustee shall be entitled to reimbursement of fees and costs up to the statutory maximum on each disbursement made by the trustee, regardless of whether it is paid prior to or following confirmation.

3. **Filing of Proofs of Claim**

   a. The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually _filed_ proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor(s) or the trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

b. The trustee shall mail payments and provide notices to the address provided on the filed proof of claim or amended proof of claim or filed name or address change or assignment or transfer of claim filed with the Court

## CLASSIFICATION AND TREATMENT OF CLAIMS

**4. PRIORITY CLAIMS.** All claims entitled to priority under 11 U.S.C. Section 507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

### a. Domestic Support Obligations ("DSOs")

All postpetition DSOs, including postpetition DSOs assigned to a governmental unit, will be paid directly to the holder by the debtor(s) or to the assignee of the claim and not through the Chapter 13 Trustee unless otherwise specified under the "Special Terms" section of the plan.

    i.    [ ] None

    ii.    The name, address and phone number including area code of the holder of any DSO as defined in 11 U.S.C. Section 101(14A). Pursuant to 11 U.S.C. Section 112, the names of minor children should not be disclosed. Include in this list all DSOs as defined by the statute, notwithstanding the fact that the debtor may believe the obligation to be voluntary or contingent in nature.

| Name | Address (incl. city, state, zip code) | Telephone |
|---|---|---|
| 1. Kathleen Fulks | 6916 Windsor Place, Anchorage, AK 99502 | 907-242-3448 |

**b. DSO Prepetition Arrearages** Owed to DSO Holders Under 11 U.S.C. Section 507(a)(1)(A), or assigned to a governmental unit, to be paid in full through the Chapter 13 plan on a pro-rata basis after payment of secured claims and the attorney fee and prior to payment of any non-DSO priority claim, unless a different treatment is proposed under the "Special Terms" section of the plan:

    i.    [ ] None

    ii.

| Name of holder | Amount of Arrearage |
|---|---|
| 1. CSSD | $767.89 |

        Note: Pay direct to avoid incarceration.

### c. Priority Claims Other Than DSOs

All priority claims other than DSOs shall be paid in full on a pro rata basis after the payment in full of all DSO priority claims.

    i.    [ ] None

    ii.    The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

| Name | Claim Amount |
|---|---|
| 1. IRS 2005 | $6903.35 |
| 2. | |

## 5. SECURED CLAIMS

Other than secured claims that are to be paid as long-term debts pursuant to 11 U.S.C. Section 1322(b)(5), or that are to be paid directly by the debtor(s), the trustee shall pay the value of all allowed secured claims, on a pro rata basis in monthly amounts sufficient to provide adequate protection.

**a.** For purposes of the plan, the treatment of each claim is specified below. Treatment shall be one of the following: (1) Direct payment by the debtor(s): **"Direct"**; (2) Payment in full by the Chapter 13 Trustee through the plan where Section 506(a) does not apply: **"910/365"**; (3) Payment of the value of the collateral by the Chapter 13 Trustee through the plan where Section 506(a) does apply: **"As valued"**; (4) Debtor(s) will surrender the collateral: **"Surrender"**, or (5) File proceeding to determine validity of lien: **"Avoidance."**

| Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate |
|---|---|---|---|---|---|
| 1. Snap On Credit | Tool box, misc. | $500.00 | $1826.79 | As valued | 10.25% |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

To the extent that any of the claims referred to above are secured by mortgage loans on real property, and such claims are scheduled to be paid by the Trustee, then and in that event the Debtors will no longer be making any mortgage payments to any of the designated mortgage servicers and/or their successors and assigns and all such entities are hereby authorized to provide account information to the Chapter 13 Trustee.

**b.** For secured claims to be paid directly by the debtor(s), state below the amount of prepetition arrearages to be paid through the Chapter 13 Trustee:

| Creditor | Collateral | Pre-pet. arrearage | Int. Rate. |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

2

Upon confirmation, the automatic stay will be deemed lifted for the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor(s) stay, or to abrogate the debtor(s)' state law contract rights.

c. For claims secured by improved real property or motor vehicles, state below requested insurance information, vehicle mileage, and vehicle identification number.

| | Collateral | Insurance Agent and Address | Vehicle Mileage | VIN. |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

**6. General Unsecured Claims Not Separately Classified.** General unsecured claims shall be paid on a pro rata basis with payments to commence after the payment of all administrative, secured and priority unsecured claims in full.

**7. Special Terms**

    a. [ ] None

    b. Special Treatment of Unsecured Claims

    c. Other Direct Payments to Creditors Other than Section 5- Child support arrears will be paid direct to avoid incarceration.

    d. Other Special Terms

**8. Plan Motions:**

### Motion to Value All Liens in Paragraph #5a

The debtor(s) hereby moves the Court to value the collateral of each of the creditors described in paragraph 5a. (except those creditors whose claims are classified to be paid directly or to be paid in full by the Chapter 13 Trustee where Section 506(a) does not apply) at the collateral value stated. To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor(s) hereby moves the Court that said difference be treated in the Chapter 13 plan as a general unsecured claim without priority. The debtor(s) further moves the Court that the lien of each creditor listed upon the collateral listed hereinabove be satisfied upon payment of the collateral value and the issuance of the debtor(s) discharge.

### Motion to Avoid Non-Possessory, Non-Purchase Money Security Interests in Household Goods and Personal Items

The debtor(s) is indebted to the following creditors in the amounts stated. As security for the debt, each such creditor insisted upon, and the debtor(s) executed, a waiver of exemption of certain property, and a security agreement granting said creditors a non-possessory, non-purchase money security interest in household goods which is property delineated by 11 U.S.C. Section 522(f)(2) and which is held primarily for the personal, family or household use of the debtor(s) or a dependent of the debtor(s). The debtor(s) believes that a financing statement may have been properly filed evidencing each such creditor's security interest and liens:

| Creditor | Last 4 Digits of Account/I.D. | Debt Amount | Description of Property |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

The debtor(s)' interest in any item of property referred to above does not exceed the value claimed as exempt. The money borrowed from each such creditor does not represent any part of the purchase money of any of the items covered by each such creditor's security agreement. The existence of each such creditor's lien on the debtor(s)' household goods and personal items impairs the exemptions to which the debtor(s) would be entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law. The debtor(s) moves the Court for the cancellation and avoidance of the security interest of each such creditor in the debtor(s)' personal and household goods, effective upon discharge.

### Motion to Avoid Judicial Liens

Judgments were obtained by the creditors listed below in cases before the General Court of Justice of the State of North Carolina, and said judgments have been recorded in the Public Registry as follows:

| | Creditor | Judgment Book And Page | Registry | Judgment Date | Judgment Lien Amount |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |

The above-stated judgments created liens on the real property in which the debtor(s) has an interest, which real property is more specifically described as _____. The value of the debtor(s)'s interest in this real property is $_____. The aforesaid liens constitute judicial liens under 11 U.S.C. Section 522(f)(1). The property which this judicial lien encumbers is property which the debtor(s) is entitled to exempt under 11 U.S.C. Section 522 and the claimed amount of this exemption is $_____. The existence of this judicial lien impairs the exemption to which the debtor(s) is entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.

The debtor(s) respectfully moves the Court to issue an order compelling the above-stated creditors to cancel and avoid their judicial liens upon the real property described herein, effective upon discharge.

## Motion to Assume or Reject Executory Contracts and Unexpired Leases

a. The debtor(s) moves to assume or reject the following executory contracts and unexpired leases. If assumed, payments due after the filing of the case will be paid directly by the debtor(s) rather than by the trustee.

b. Unless otherwise provided, the debtor(s) proposes to promptly cure any pre-bankruptcy defaults on the assumed leases or contracts over a period of _____ months, with said payments to be made by the trustee.

| Creditor | Assume or Reject | If Assumed, Amount of Arrearage paid in Plan |
|---|---|---|
| 1. | | |
| 2. | | |

### General Provisions

1. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

3. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

4. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

5. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the debtor remains vested in the estate until completion of the plan.

6. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). See Local Rule 4001-1(e).

7. ~~All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.~~

I declare under penalty of perjury that the information provided in the Chapter 13 Plan, including Motion(s) for Valuation; Motion(s) to Avoid Certain Liens; and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Leases; as to all matters set forth herein are true and correct.

Dated 9/4/07

_Richard A. Chroust_
Debtor's Signature

Dated _____

_____
Debtor's Signature

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated 9-4-07

_Robert H. Gourley, Jr._
Attorney for the Debtor(s)

4

Richard A Chroust
107 Collingswood Road
Mooresville, NC 28117

Internal Revenue Service
PO box 21126
Philadelphia, PA 19114

Wells Fargo
P.O. Box 3009
Langhorne, PA 19047

Robert H. Gourley Jr.
Gourley and Griffin
249 E. Broad
Statesville, NC

Iredell County Tax
Collector
P.O. Box 1027
Statesville, NC 28687

AAFES
PO Box 78731
Phoenix, AR 85062

Jody Brown Brown
308 G St. Suite 207
Anchorage, AK 99501

Bankruptcy Administrator
PO Box 34189
Charlotte, NC 28284

Kathleen Fulks
6916 Windsor Place
Anchorage, AK 99502

Bureau of Collection Rec
7575 Corporate Way
Eden Praire, MN 55344

Kathleen Fulks
6916 Windsor Place
Anchorage, AK 99502

Capital 1 Bank
Attn: C/O TSYS Debt Mgt.
PO Box 5155
Norcross, GA 30091

NC Dept of Revenue
5111 Nations Crossing Rd
Bldg 8
Charlotte, NC 28217

CSSD
550 W. 7th Ave.
Ste 310
Anchorage, AK 99501

Northland GRP Inc.
7831 Glenroy Road
Ste 350
Edina, MN 55439

Harley Davidson Fin.
3850 Arrowhead Drive
Carson City, NV 89706

Snap On Credit LLC.
PO Box 506
Gurnee, IL 60031

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Special Procedures Func
IRS, 320 Federal Place
Greensboro, NC 27401

Internal Revenue Service
320 Federal Place
Greensboro, NC 27401

US Attorneys Office
Room 207, US Courthouse
100 Otis Street
Asheville, NC 28801

| a Control number | | | | OMB No. 1545-0008 | |
|---|---|---|---|---|---|
| b Employer Identification number 31-1575142 | | d Employee's social security number ███-7002 | | 1 Wages, tips, other compensation 31538.04 | 2 Federal income tax withheld 1858.72 |
| c Employer's name, address, and zip code DEFENSE FINANCE & ACTG SERV ROOM 1907 1240 E 9TH STREET (OMA) CLEVELAND OH 44199 | | | | 3 Social security wages 34876.78 | 4 Social security tax withheld 2162.36 |
| | | | | 5 Medicare wages and tips 34876.78 | 6 Medicare tax withheld 505.71 |
| | | | | 7 Social security tips | 8 Allocated tips |
| e Employee's name, address, and zip code KATHLEEN D FULKS 6916 WINDSOR PL ANCHORAGE AK 99502-3084 | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| | | | | 12 See Instrs. for box 12 D 3338.74 | 14 See Instrs. for box 14 V 1084.72 |
| | | | | 13 ☐ Statutory employee ☑ Retirement Plan ☐ Third party sick pay | |
| 15 State | Employer's state I.D. no | 16 State wages, tips, etc | 17 State income tax | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |
| 15 State | Employer's state I.D. no | 16 State wages, tips, etc | 17 State income tax | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Form **W-2** Wage and Tax Statement **2006**

Department of the Treasury - Internal Revenue Service
Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return

| a Control number | | | | OMB No. 1545-0008 | |
|---|---|---|---|---|---|
| b Employer Identification number 31-1575142 | | d Employee's social security number ███-7002 | | 1 Wages, tips, other compensation 31538.04 | 2 Federal income tax withheld 1858.72 |
| c Employer's name, address, and zip code DEFENSE FINANCE & ACTG SERV ROOM 1907 1240 E 9TH STREET (OMA) CLEVELAND OH 44199 | | | | 3 Social security wages 34876.78 | 4 Social security tax withheld 2162.36 |
| | | | | 5 Medicare wages and tips 34876.78 | 6 Medicare tax withheld 505.71 |
| | | | | 7 Social security tips | 8 Allocated tips |
| e Employee's name, address, and zip code KATHLEEN D FULKS 6916 WINDSOR PL ANCHORAGE AK 99502-3084 | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| | | | | 12 See Instrs. for box 12 D 3338.74 | 14 See Instrs. for box 14 V 1084.72 |
| | | | | 13 ☐ Statutory employee ☑ Retirement Plan ☐ Third party sick pay | |
| 15 State | Employer's state I.D. no | 16 State wages, tips, etc | 17 State income tax | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |
| 15 State | Employer's state I.D. no | 16 State wages, tips, etc | 17 State income tax | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Form **W-2** Wage and Tax Statement **2006**

Department of the Treasury - Internal Revenue Service
Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return

# Alabama
## Certificate of Marriage

State File Number 101

**TYPE IN PERMANENT BLACK INK**

**LICENSE TO MARRY** — To any person lawfully authorized to solemnize marriages within Alabama: You are hereby authorized to celebrate the rite of matrimony for the persons named below, after which you are required by law to return this license, duly certified under your hand, to the Probate Judge of the issuing county within one month.

**1. ISSUING COUNTY:** MORGAN

### GROOM
- **2. GROOM'S NAME:** CHARLES ANDERSON BESTOR
- **3. DATE OF BIRTH:** 05-__-1977
- **4. RACE:** WHITE
- **5. RESIDENCE:** LACEYS SPRING 35754
- **6. INSIDE CITY LIMITS:** N
- **7. COUNTY:** MORGAN
- **8. STATE:** AL
- **9. NO. OF PREVIOUS MARRIAGES:** 1
- **10. IF PREVIOUSLY MARRIED, LAST MARRIAGE ENDED:** DIVORCE
- **11. EDUCATION:** High School 12, College 5
- **12. SOCIAL SECURITY NUMBER:**
- **13. FATHER'S NAME:** GEORGE CLINTON BESTOR JR
- **14. MOTHER'S NAME:** MARY MILDRED HUSMANN

### BRIDE
- **15. BRIDE'S NAME:** KATHLEEN DIANNE FULKS
- **16. BRIDE'S MAIDEN LAST NAME:** BURGESS
- **17. DATE OF BIRTH:** 05-__-1973
- **18. RACE:** WHITE
- **19. RESIDENCE:** LACEYS SPRING 35754
- **20. INSIDE CITY LIMITS:** N
- **21. COUNTY:** MORGAN
- **22. STATE:** AL
- **23. NO. OF PREVIOUS MARRIAGES:** 5
- **24. IF PREVIOUSLY MARRIED, LAST MARRIAGE ENDED:** DIVORCE
- **25. EDUCATION:** High School 12, College 4
- **26. SOCIAL SECURITY NUMBER:**
- **27. FATHER'S NAME:** THOMAS LANIER BURGESS
- **28. MOTHER'S NAME:** HELEN MARIE MCPHEETERS

### SIGNATURES
- **29. GROOM — SIGNATURE:** /s/ Chas. A. B.
- **30. BRIDE — SIGNATURE:** /s/ Kathleen D. Fulks

### LOCAL OFFICIAL
- **31. JUDGE OF PROBATE — SIGNATURE:** /s/ Greg Cain
- **32. ISSUING DATE:** 04-11-2011
- **33. EXPIRATION DATE:** 05-10-2011

### CEREMONY
- **34. I CERTIFY THAT THE ABOVE NAMED PERSONS WERE MARRIED ON:** 4-23-11
- **35. WHERE MARRIED:** Huntsville 35741
- **36. COUNTY:** Madison
- **37. SIGNATURE OF PERSON PERFORMING CEREMONY:** /s/ Marvin W. Luckie
- **38. TYPED OR PRINTED NAME OF PERSON PERFORMING CEREMONY:** MARVIN W. Luckie
- **39. TITLE OF PERSON PERFORMING CEREMONY:** Chaplain USA
- **40. ADDRESS OF PERSON PERFORMING CEREMONY:** 712 Moon Creek Circle Madison AL 35756

### LOCAL OFFICIAL
- **41. DATE CERTIFICATE RETURNED TO JUDGE OF PROBATE:** 04-23-11
- **42. MARRIAGE LICENSE RECORD:** Book Number 2011, Page Number 203
- **43. JUDGE OF PROBATE — SIGNATURE:** /s/ Greg Cain

THIS LICENSE IS VOID UNLESS SOLEMNIZED WITHIN 30 DAYS FROM ISSUING DATE.

ADPH-HS-60/Rev. 10-00



I, GREG CAIN, JUDGE OF PROBATE HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE RECORD OF A CERTAIN Document AS THE SAME APPEARS OF RECORD IN THIS OFFICE, THIS 04-25-11

/s/ Greg Cain
Judge of Probate, Morgan county, AL

## Social Security Administration
### Important Information

Social Security Administration
SOCIAL SECURITY OFFICE
717 MCGLATHERY LN SE
DECATUR, AL 35601-6054
Date: April 25, 2011

KATHLEEN BURGESS BESTOR
23 WOODLAND LAKE DR
LACEYS SPRING, AL 35754

This is a receipt to show that you applied for a Social Security card on April 25, 2011. You should have your card in about 2 weeks. Any document(s) you have submitted are being returned to you with this receipt.

If you do not receive your Social Security card within 2 weeks, please let us know. You may call, write or visit any Social Security office. If you visit an office, please bring this receipt with you. To protect your privacy, we will not disclose a Social Security number over the telephone.

The Social Security Administration is required by law to limit replacement Social Security cards to three per year and ten per lifetime. Do not carry your Social Security card with you. Keep it in a safe location, not in your wallet.

Field Office Manager  *Britt Walker*

